IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

YAN SHIFRIN,

    Plaintiff,

vs.

ASSOCIATED BANC CORP, ASSOCIATED
BANK, N.A., ASSOCIATED INVESTMENT
SERVICES, INC., FIRST FINANCIAL
BANK, FSB and UNKNOWN OWNERS,

    Defendants.

Case No. 3:12-cv-00839-JPG-DGW

**MEMORANDUM AND ORDER**

This matter comes before the Court on the defendants Associated Banc-Corp, Associated Bank, N.A., Associated Investment Services, Inc., and First Financial Bank, FSB's ("Defendants") motion to dismiss (Doc. 24) plaintiff Yan Shifrin's complaint. Shifrin filed a response to the motion to dismiss (Doc. 25), to which Defendants replied (Doc. 29). For the following reasons, the Court denies Defendants' motion to dismiss.

**I.    Facts and Procedural History**

The facts of this case, taken from Shifrin's complaint, are as follows. Defendants are the current owners of the real property located at 100 E. Washington Street, Belleville, Illinois 62220 ("the property"). Bric Partnership, LLC ("Bric") leased the property from Defendants and operated a business office within the property. Shifrin was employed by Bric during the period of time between approximately March 31, 2009 and January 4, 2011. During his employment with Bric, Shifrin worked within the property on a daily basis. Shifrin alleges that during his employment, mold, fungi, bacteria and other harmful substances were located in and about the property. Shifrin alleges that Bric officers, employees and other tenants of the property

informed Defendants that mold, fungi, bacteria and other harmful substances were located within the property.  Shifrin alleges that Defendants knew, or if they had exercised reasonable care, should have known, about the harmful substances located within the property.  Despite this knowledge, Shifrin alleges that Defendants did not take steps to investigate or correct the existence of the harmful substances listed above.  Additionally, Shifrin alleges that as owners of the property with knowledge of the harmful conditions, Defendants had a duty to inform him and others working within the property of the conditions.  Defendants did not inform Shifrin of the existence or danger of the above substances within the property.  Because he had no notice of the harmful conditions, Shifrin assumed he was working within a safe environment and continued to go to work daily within the property.  Shifrin alleges that if he had known of the harmful conditions within the property, he would have taken steps to protect himself and reported the conditions to the proper authority.  Because he had no notice of the harmful conditions and therefore continued to work within the property, Shifrin alleges that he was exposed to, ingested and/or inhaled mold, fungi, bacteria and other harmful substances.  As a result of being exposed to, ingesting or inhaling these harmful substances, Shifrin alleges that he contracted asthma, pneumonia and other health-related injuries.

On June 11, 2012, Shifrin filed his five-count complaint in the Circuit Court for the Twentieth Judicial Circuit, St. Clair County, Illinois, alleging negligence, negligence under the Premises Liability Act, negligence based on the theory of res ipsa loquitur, fraudulent misrepresentation and negligent misrepresentation against Defendants.  Defendants removed the case to this Court based on diversity.  Thereafter, Defendants' filed the instant motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), contending the fraudulent misrepresentation and negligent

misrepresentation claims must be dismissed because they fail to state a claim for which relief can be granted. Shifrin filed a response to Defendants motion to dismiss and Defendants replied.

## II. Analysis

When considering a Rule 12(b)(6) motion to dismiss, the Court must "construe [the complaint] in the light most favorable to the nonmoving party, accept well-pleaded facts as true, and draw all inferences in [the non-moving] party's favor." *Reger Dev., LLC v. Nat'l City Bank*, 592 F. 3d 759, 763 (7th Cir. 2010). A complaint must "contain sufficient factual matter, accepted as true to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A complaint must provide "enough fact to raise a reasonable expectation that discovery will reveal evidence" to support the claim. *Bell Atl. Corp.*, 550 U.S. at 556. However, a plaintiff need not "show that she would probably prevail." *Redd v. Nolan*, 663 F. 3d 287, 291 (7th Cir. 2011). "A well-pleaded complaint 'may proceed even if it strikes a savvy judge that actual proof of those facts is improbable, and that a recovery is very remote and unlikely.'" *Id.* (quoting *Bell Atl. Corp.*, 550 U.S. at 556). The Court will now address each of Defendant's claims in turn.

### a. Count IV – Fraudulent Misrepresentation

Shifrin alleges that Defendants made a fraudulent misrepresentation when Defendants did not did not inform him of the existence or danger of harmful substances within the property. Defendants argue in their motion to dismiss (Doc. 4) that Shifrin's fraudulent misrepresentation claim ("Count IV") must be dismissed because it (i) fails to allege specific misrepresentations; and (ii) Shifrin "could not have reasonably relied on any alleged statement of Defendants" (Doc. 24). However, in Defendants' supporting memorandum, they do not discuss why Shifrin could not have reasonably relied on any alleged statement by Defendants (Doc. 25). Defendants

instead introduce a new theory in support of their motion to dismiss for which they claim Shifrin fails to allege facts "that show any plausible basis for relief." (Doc. 25, p. 5). As Defendants do not further discuss whether Shifrin could have reasonably relied on alleged statements of Defendants and why that issue should be considered in the motion to dismiss, it will not be addressed by the Court. The Court will instead address whether Shifrin fails to allege (i) specific misrepresentations and (ii) facts "that show any plausible basis for relief." First, the Court will consider whether Shifrin fails to allege specific misrepresentations, thereby failing to plead sufficient factual allegations to survive a Rule 12(b)(6) motion to dismiss.

Under Illinois law, a plaintiff must show the following to establish an ordinary fraud claim:

> (1) a false statement of material fact, (2) knowledge or belief of the falsity by the party making it, (3) intention to induce the other party to act, (4) action by the other party in reliance on the truth of the statements, and (5) damage to the other party resulting from such reliance.

*Bd. of Educ. of City of Chicago v. A, C & S, Inc*., 546 N.E.2d 580, 591 (Ill. 1989). However, "Illinois courts at times consider a party's failure to disclose material information (i.e., omission) to be a false statement of fact, but only if the alleged defrauder owed a duty to disclose that information to the [opposing] party." *Equity Capital Corp. v. Kreider Transp. Service, Inc.*, 967 F. 2d 249, 253 (7th Cir. 1992). The relevant elements under Illinois law to show the failure to disclose material information, or concealment, amounted to fraudulent misrepresentation are as follows:

> (1) the concealment of a material fact; (2) the concealment was intended to induce a false belief, under circumstances creating a duty to speak [citation]; (3) the innocent party could not have discovered the truth through a reasonable inquiry or inspection, or was prevented from making a reasonable inquiry or inspection, and relied upon the silence as a representation that the fact did not exist; (4) the concealed information was such that the injured party would have acted differently had he been aware of it; and (5) that reliance by the person from whom the fact was concealed led to his injury.

*Trs.of AFTRA Health Fund v. Biondi*, 303 F.3d 765, 777 (7th Cir. 2002).

Therefore, it does not follow that Shifrin's complaint should fail because Shifrin alleges Defendants failed to disclose material information, instead of alleging that Defendants made a false statement to Shifrin.  Shifrin properly alleges the concealment of a material fact and meets the elements necessary to plead a fraudulent misrepresentation claim under Illinois law by alleging that Defendants did not disclose the presence or danger of harmful substances within the property.

Second, the Court will address whether Shifrin fails to allege facts that show a plausible basis for relief.  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  When alleging fraud, Federal Rules of Civil Procedure 9(b) requires that the allegations of fraud be pled with particularity.  This means that the complaint must "set forth the time, place and contents of the false representation, the identity of the party making the false statements and the consequences thereof." *Wilcox v. Homestake Mining Co.*, 401 F. Supp. 2d 1196, 1199 (D.N.M. 2005). (quoting *Schwartz v. Celestial Seasonings Inc*., 124 F.3d 1246, 1252 (10th Cir.1997)).  However, a claim alleging fraudulent misrepresentation by concealment can succeed without the same level of specificity. *In re Toyota Motor Corp. Unintended Acceleration Mktg., Sales Practices, & Prods. Liab. Litig.*, 754 F. Supp. 2d 1145, 1189 (C.D. Cal. 2010) (quoting *Baggett v. Hewlett-Packard Co.*, 582 F. Supp. 2d 1261, 1267 (C.D. Cal. 2007)).  This is because "[r]equiring a plaintiff to identify (or suffer dismissal) the precise time, place, and content of an event that (by definition) did not occur would effectively gut state laws prohibiting fraud-by-omission." *Id.* (quoting *In re Whirlpool Corp. Front–Loading Washer Prods. Liab. Litig.*, 684 F. Supp. 2d 942, 961 (N.D. OH 2009)).

Also, the plausibility requirement introduced by *Twombly* does not change the fact that the federal court system employs a notice pleading standard. *Bissessur v. Indiana Univ. Bd. of Trs.*, 581 F.3d 599, 603 (7th Cir. 2009). Under a notice pleading standard, "[a] defendant is owed 'fair notice of what the . . . claim is and the grounds upon which it rests.'" *Id*. (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)).

Considering the recited elements and the relevant pleading standards, the Court finds Shifrin sufficiently pleads a fraudulent misrepresentation claim. Here, Shifrin sufficiently pleads the making of a false statement of material fact by alleging that Defendants failed to disclose, or concealed, material information. Also, Shifrin puts Defendants on notice that Defendants' failure to disclose to Shifrin the existence of harmful substances located within the property caused Shifrin to continue to work daily within the property, which resulted in injury to Shifrin's health. Accordingly, Shifrin does not simply plead a bare recitation of the elements of a claim for fraudulent misrepresentation. Rather, Shifrin's complaint gives Defendants sufficient notice of the nature of the claim and the grounds upon which it rests. Now, the Court will turn to address whether Shifrin's negligent misrepresentation claim against Defendants must be dismissed.

     **b. Count V – Negligent Misrepresentation**

In Count V, Shifrin alleges that Defendants made a negligent misrepresentation when Defendants did not inform him of the existence or danger of the harmful substances within the property. Defendants argue that Shifrin's negligent misrepresentation claim ("Count V") must be dismissed because (i) it fails to allege specific misrepresentations; (ii) it fails to allege facts "that show any plausible basis for relief"; and (iii) Defendants owed no duty to Shifrin, as Defendants allege in their reply (Doc. 29). First, the Court will consider whether Shifrin fails to

allege specific misrepresentations, thereby failing to plead sufficient factual allegations to survive a Rule 12(b)(6) motion to dismiss.

The Court finds, as it did in relation to Count IV, that Shifrin sufficiently pleads the elements required to further a misrepresentation claim by alleging the concealment of a material fact. In order to show that the failure to disclose material information, or concealment, amounted to negligent misrepresentation, the plaintiff must meet the elements for fraudulent misrepresentation, "except that (1) the defendant need not have known that the statement was false, but must merely have been negligent in failing to ascertain the truth of his statement; and (2) the defendant must have owed the plaintiff a duty to provide accurate information." *Wigod v. Wells Fargo Bank, N.A.*, 673 F.3d 547, 573 (7th Cir. 2012); *see Kopley Grp. V, L.P. v. Sheridan Edgewater Props., Ltd.,* 876 N.E.2d 218, 228 (2007). As the Court addresses in its discussion of Count IV, failure to disclose material information is tantamount to the making of a false statement of fact. *Equity Capital Corp. v. Kreider Transp. Serv., Inc.*, 967 F. 2d 249, 253 (7th Cir.1992). Therefore, Shifrin alleges a misrepresentation by Defendants, in that Shifrin alleges Defendants failed to disclose the "harmful conditions in and about the Property." (Doc 4, p. 15). Specifically, Shifrin alleges that Defendants failed to disclose the existence and harmful nature of the mold, fungi, bacteria, and other harmful substances located within the Property. (Doc. 4, p. 11).

The Court also finds, as it did in relation to Count IV, that Shifrin alleges sufficient facts to show a plausible basis for relief. As the Court notes in its discussion of Count IV above, a plausible basis for relief requires that "the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). When considering a claim concerning the failure to disclose

information or concealment, less factual specificity is required to meet the plausibility standard than for a normal fraud claim.  *In re Toyota Motor Corp. Unintended Acceleration Mktg., Sales Practices, & Prods. Liab. Litig.*, 754 F. Supp. 2d 1145, 1189 (C.D. Cal. 2010) (quoting *Baggett v. Hewlett-Packard Co.*, 582 F. Supp. 2d 1261, 1267 (C.D. Cal. 2007)).  Under the federal notice pleading standard, the pleadings must simply provide the defendant with "'fair notice of what the…claim is and the grounds upon which it rests.'"  *Bissessur v. Indiana Univ. Bd. of Trs.*, 581 F. 3d 599, 603 (7th Cir. 2009).  (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)).

      Considering the recited elements and the relevant pleading standards, the Court finds Shifrin sufficiently pleads a negligent misrepresentation claim.  Here, Shifrin sufficiently pleads the making of a false statement of material fact by alleging that Defendants failed to disclose, or concealed, material information.  Shifrin puts Defendants on notice that Defendants should have known of the existence of harmful substances located within the property and because of their ownership of the property, had a duty to provide information about the existence of the harmful substances to Shifrin.  Defendants are also on notice that due to their failure to disclose this information to Shifrin, he continued to work daily within the property and suffered injury to his health as a result.  Accordingly, Shifrin does not simply plead a bare recitation of the elements of a claim for fraudulent misrepresentation.  Rather, Shifrin's complaint gives Defendants sufficient notice of the nature of the claim and the grounds upon which it rests.

      Finally, the Court will address Defendants' argument raised in their reply (Doc. 29) that Defendants owed no duty to Shifrin.  "Arguments raised for the first time in a reply brief are waived."  *James v. Sheahan*, 137 F.3d 1003, 1008 (7th Cir. 1998).  Defendants do not raise the argument that they owed no duty to Shifrin until their reply brief.  Consequently, the question of

whether Defendants owed Shifrin a duty will not be addressed by the Court in relation to Defendants' motion to dismiss.

## Conclusion

Accordingly, the Court **DENIES** Defendants' motion to dismiss (Doc. 24).

**IT IS SO ORDERED.**

**DATE:** March 22, 2013

s/ J. Phil Gilbert
**J. PHIL GILBERT**
**DISTRICT JUDGE**
